**Jean Andrews LANE, Plaintiff,**

v.

**UNITED STATES STEEL, Defendant, Third–Party Plaintiff,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO CLC, and United Steelworkers of American Local 1013, Third–Party Defendants.**

**No. CV 94–PT–0130–S.**

United States District Court, N.D. Alabama, Southern Division.

Dec. 14, 1994.

Lee David Winston, C. Michael Quinn, Gordon Silberman Wiggins & Childs, Birmingham, AL, for plaintiff.

S.G. Clark, USX Corp., Legal Dept., Pittsburgh, PA, for defendant.

Michael L. Lucas, Burr & Forman, Birmingham, AL, for defendant & cross-claimant.

Samuel H. Heldman, Cooper Mitch Crawford Kuykendall & Whatley, Birmingham, AL, David Goldman, United Steelworkers of America, Pittsburgh, PA, for cross-defendant (U.S. Steelworkers of America).

### MEMORANDUM OPINION

PROPST, District Judge.

This cause comes to be heard on the Motion for Partial Judgment on the Pleadings, filed on November 15, 1994 by third-party defendants United Steelworkers of America, AFL–CIO CLC, and United Steelworkers of America Local 1013 (collectively "the union"). Both the Union and defendant United States Steel (USS) have submitted briefs in support of their various positions.

## FACTS AND CONTENTIONS

### I. *Facts and Procedural Posture* [1]

Plaintiff Lane commenced this action on January 13, 1994. Plaintiff's complaint at 1. In her amended complaint, she alleges that USS made employment decisions adverse to her on the basis of her sex and alleged disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Amended complaint at 3–6. USS answered and filed third-party claims against the union. In Count II of its third-party complaint, USS alleges that "in the event that USS is found liable to plaintiff, then [the union] is liable to USS for all or part of plaintiff's claim against USS." Third-party complaint at 5. On November 15, 1994, the union filed a Motion for Partial Judgment on the Pleadings as to Count II of the third-party complaint.

### II. *Contentions of the Parties*

The union argues that an employer can assert no rights of contribution against a labor union under either Title VII or the ADA. The union reasons that in *Northwest Airlines, Inc. v. Transport Workers Union,* 451 U.S. 77, 98, 101 S.Ct. 1571, 1584, 67 L.Ed.2d 750 (1981), the United States Supreme Court held that an employer has no right of contribution against a labor union for the employer's Title VII liability. As to USS's ADA claim, the union argues that in enacting the ADA, Congress adopted, in a wholesale fashion, the remedial scheme of Title VII. In light of this, the union concludes, the Supreme Court's reasoning in *Northwest Airlines* applies with equal strength to contribution claims against a labor union for an employer's ADA liability.

USS has not briefed, nor does it appear to challenge, the Union's position as to any contribution rights under Title VII. However, USS contends that the ADA's broad remedial purposes would be frustrated by applying the reasoning of *Northwest Airlines* to the issue of contribution under the ADA. USS contends that an implied right of contribution exists under the ADA. Citing *Cort v.*

*Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), USS reasons that a right of contribution may be inferred where the legislative history of the statute evidences such an intent. USS argues that under the ADA, as opposed to Title VII, Congress intended to create contribution rights. In this regard, USS contends that Title VII does not provide for direct suits against labor unions, except as provided in § 703(c)(1)(3), whereas the ADA applies generally to "covered entit[ies]," the definition of which includes labor organizations. From this difference in the statutes, USS concludes that in enacting the ADA, Congress intended that employers could assert rights of contribution against labor unions.

## ANALYSIS OF THE COURT

Two issues are before the court:

1. Can an employer assert a right of contribution against a labor organization for the employer's liability under Title VII?

2. Can an employer assert a right of contribution against a labor organization for the employer's liability under the Americans with Disabilities Act?

### I. *An employer cannot assert a right of contribution against a labor organization arising out of the employer's liability for a violation of Title VII.*

In *Northwest Airlines, Inc. v. Transport Workers Union,* 451 U.S. 77, 79–80, 101 S.Ct. 1571, 1574–75, 67 L.Ed.2d 750 (1985), the Supreme Court addressed the question of "whether an employer held liable to its ... employees ... [under] the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964 has a federal statutory or common-law right to contribution from unions that allegedly bear at east partial responsibility for the statutory violation." The Court concluded that no such right of contribution exists under either the Equal Pay Act or Title VII. *Id.* at 97, 101 S.Ct. at 1583–84. The Court reasoned that a right of contribution may be created either by the statute itself or by the federal common law. *Id.* at 90, 101 S.Ct. at

1. The court derives the pertinent facts from the face of the pleadings on file.

1580. The Court analyzed each method of creation in turn.

As to the first possibility, the Court first noted that neither Title VII nor the Equal Pay Act expressly create a right of contribution in favor of employers. *Id.* at 91, 101 S.Ct. at 1580. For the Court, "[t]his omission, although significant, is not dispositive if, among other things, the language of the statutes indicates that they were enacted for the special benefit of a class of which petitioner is a member."[2] *Id.* at 91–92, 101 S.Ct. at 1581 (footnote omitted). The Court concluded, however, that Congress did not intend for employers to derive special benefits from either Title VII or the Equal Pay Act. Rather, as the Court stated, "it cannot possibly be said that employers are members of the class for whose benefit either the Equal Pay Act or Title VII was enacted." *Id.* at 92, 101 S.Ct. at 1581. Thus, the Court concluded that neither statute authorizes employers to seek contribution from labor unions for the employer's statutory liability.

The Court also addressed whether federal common law created a right of contribution under either Title VII or the Equal Pay Act. The Court concluded that the creation of such a right via the common-law method would be inappropriate:

> The liability of [the employer] for discriminating against its female [employees] is entirely a creature of federal statute. In almost every statutory scheme, there may be a need for judicial interpretation of ambiguous or incomplete provisions. But the authority to construe a statute is fundamentally different from the authority to fashion a new rule or to provide a new remedy which Congress has decided not to adopt. The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for

enforcement. Both the Equal Pay Act and Title VII of the Civil Rights Act of 1964 are such statutes. The judiciary may not, in the face of such comprehensive legislative schemes, fashion new remedies that might upset carefully considered legislative programs.

*Id.* at 97, 101 S.Ct. at 1584 (citation omitted). For this reason, the Court concluded that an employer has no right of contribution against a labor union for the employer's Title VII liability.

*Northwest Airlines* is controlling on this court's decision as to any right of contribution which USS seeks to invoke against the union for USS's potential liability under Title VII. *Northwest Airlines* clearly holds that no such right of contribution exists under Title VII. Accordingly, to the extent that USS claims in Count II a right of contribution against the union for USS's potential Title VII liability, judgment on the pleadings is due to be granted.

II. *An employer may not assert a right of contribution against a labor organization for the employer's liability under the Americans with Disabilities Act.*

■ The Supreme Court's analysis and holding in *Northwest Airlines* is highly persuasive, if not outright controlling, on this court's analysis of USS's claim for contribution arising out of potential ADA liability. The ADA's enforcement procedures are identical to those set forth in Title VII. *Compare* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–4 *et seq.*[3] Given that Congress enacted the ADA well after the Supreme Court decided *Northwest Airlines,* Congress presumably chose to incorporate into the ADA the construction of Title VII remedies set forth in *Northwest Airlines. See United States v. Jordan,* 915 F.2d 622, 628 (11th Cir.), *cert. denied,* 499 U.S. 979, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1990) ("Under accept-

---

2. The Court's "special benefit" analysis derives from the four-part test set forth in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), for determining whether an implied right of action exists under a federal statute.

3. The ADA's enforcement provisions explicitly adopt the remedies set forth in Title VII. Under 42 U.S.C. § 12117(a), "[t]he powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5, 2000e–6, 2000e–8, and 2000e–9 of this title shall be the powers, remedies, and procedures this subchapter provides...."

ed rules of statutory construction, it is generally presumed that Congress, in drafting legislation, is aware of well established judicial construction of other pertinent existing statutes.")

This court reaches an identical conclusion from a review of the substantive analysis in *Northwest Airlines*. There is no indication, either from the face of the ADA or from the legislative history of the Act, that Congress intended to create a right of contribution on behalf of an employer against a labor union. Moreover, it is unthinkable that Congress enacted the ADA for the special benefit of a class of *employers*. To the contrary, the ADA, like Title VII, is designed to protect *employees* from adverse employment decisions motivated by discrimination. Accordingly, the court concludes that USS has no right of contribution against the union for USS's potential liability under the ADA.

## CONCLUSION

For the reasons discussed above, the Motion for Partial Judgment on the Pleadings filed by the union will be granted.