**John Thomas PATTISON, Plaintiff,**

v.

**MEIJER, INC. et al., Defendants.**

No. 1:94–CV–267.

United States District Court,
W.D. Michigan,
Southern Division.

June 26, 1995.

 

George L. McCargar, III, Schaefer & Associates, P.C., Grand Rapids, MI, for John Thomas Pattison.

Jeffrey J. Fraser, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Meijer, Inc.

Ted Iorio, John C. Schlinker, Christine Ann Reardon, Kalniz, Iorio & Feldstein, Grand Rapids, MI, for Local 951 United Food and Commercial Workers.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff John Thomas Pattison brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Plaintiff claims that defendant Meijer, Inc. ("Meijer") discriminated against him based upon his physical disability and his sex. Pending before the Court are Meijer's motion to dismiss or for summary judgment, plaintiff's motion to dismiss defendant United Food and Commercial Workers Local 951 ("Local 951"), Local 951's motion to dismiss or for summary judgment, and plaintiff's motion to re-open discovery. The Court held a hearing regarding the dispositive motions on June 7, 1995. For the following reasons, the Court will deny plaintiff's motion to re-open discovery, grant Meijer's motion, and grant the motions to dismiss Local 951.

### I.

Plaintiff has worked for Meijer since 1979. In 1988, plaintiff suffered a closed head injury in a motorcycle accident, after which he developed a seizure disorder. Plaintiff alleges that the medication he takes to control his seizures makes him dizzy, drowsy, and light-headed.

Plaintiff currently works for Meijer as a full-time "stocker" on the third shift, which generally starts at 10:30 p.m. and ends at 7:00 a.m. the following day. Plaintiff's physical condition does not affect his job performance. However, plaintiff asserts that be-

cause of his seizure disorder, he cannot drive to work safely at night. Plaintiff contends that flashing lights can induce seizures and that the medication's side effects increase when he drives at night.

In February 1993, plaintiff requested that Meijer transfer him to a day shift position, so that if he felt lightheaded and dizzy his wife could transport him to work without jeopardizing her own employment. In June 1993, plaintiff again requested the transfer so that if he had the symptoms his wife or a shuttle bus could transport him to work. Plaintiff repeated the request in October 1993. Meijer refused plaintiff's requests.

Plaintiff asserts that Meijer transferred a similarly situated female employee from the night shift to the day shift based upon her disability due to pregnancy. Accordingly, plaintiff alleges discrimination under the ADA, in that Meijer failed to reasonably accommodate his disability, and under Title VII.

## II.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Canderm Pharmacal Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir.1988). In ruling on a motion for summary judgment, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989).

## III.

Meijer first argues that plaintiff's ADA claim was not timely filed. On July 1, 1993, plaintiff filed a disability discrimination claim with the Michigan Department of Civil Rights ("MDCR"). On February 10, 1994, the Equal Employment Opportunity Commission ("EEOC") determined that the evidence gathered did not establish a violation of the ADA. On March 14, 1994, plaintiff filed a *pro se* complaint in this Court, alleging sex discrimination under Title VII. On August 5, 1994, plaintiff, through counsel, filed an amended complaint adding a claim under the ADA.

Meijer argues that the ADA claim is not timely, since plaintiff filed the claim over ninety days after receiving the EEOC determination. 42 U.S.C. § 12117; 42 U.S.C. § 2000e–5(f)(1). However, Federal Rule of Civil Procedure 15(c) provides in pertinent part:

(c) An Amendment of a pleading relates back to the date of the original pleading when

. . . .

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Fed.R.Civ.P. 15(c).

Plaintiff's original complaint, on a form for Title VII and Equal Pay Act claims, specifically alleged a Title VII sex discrimination claim. In addition, plaintiff alleged the following facts:

Plaintiff is taking seizure medication for seizure control. He was in a (sic) accident on the way to work, after blacking out. His car went off the road and destroyed. Doctor sent employer several letters asking that I drive to work in the daylight, do (sic) to vision problems from medication and a brain injury.

Plaintiff also attached to his complaint a copy of his MDCR charge, in which he stated that Meijer failed to accommodate his disability and that the charge was based upon the ADA. The Court finds that the ADA claim in the amended complaint arose out of the conduct, transaction, or occurrence plaintiff attempted to set forth in his original complaint. Accordingly, the ADA claim relates back to the date plaintiff filed his complaint and it was therefore timely filed.

## IV.

Meijer next requests summary judgment on plaintiff's ADA claim.[1] The ADA prohibits discrimination "against a qualified individual with a disability because of the disability" in job application procedures, hiring, advancement, discharge, compensation, job training, and "other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination includes failure to accommodate the employee's disability:

[T]he term "discriminate" includes—

. . . .

(5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

42 U.S.C. § 12112(b)(5)(A).

"Disability" means "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

■ For the purpose of its motion, Meijer assumes that plaintiff has a disability, his closed head injury and seizure disorder, which affects a major life activity, driving. Meijer and plaintiff agree that plaintiff's injury and seizure disorder do not affect his job performance. Under these facts, plaintiff is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of his position. Therefore, he is a "qualified individual with a disability", unless he rejected a reasonable accommodation. 29 C.F.R. § 1630.9(d).

An employer must provide reasonable accommodations "that reduce barriers to employment related to a person's disability." EEOC *Technical Assistance Manual* on Title I, Chapter III, 3.4 (1992), *reprinted in BNA's Americans with Disabilities Act Manual* (1994) ("the EEOC Manual"). "[A]n accommodation is any change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities." 29 C.F.R. § 1630.2(*o*) (app.).

■ "Reasonable accommodation" may include modifying the employee's work schedule. 42 U.S.C. § 12111(9)(B). Thus, under the ADA, "[p]ersons with impairments which [make] them dependent upon public transportation could be accommodated by having schedules which allow them to use that system." 3A Arthur Larson & Lex K. Larson, *Employment Discrimination* § 108A.42(a) (1995) (citing S.Rep. No. 116, 101st Cong., 1st Sess., at 31 (1989)); *see also* EEOC Manual at 3.10(3).

■ An employer also may reassign the employee to a vacant position to accommodate the disability. 42 U.S.C. § 12111(9)(B). However, "[i]n general, reassignment should be considered only when accommodation within the individual's current position would pose an undue hardship." 29 C.F.R. § 1630.2(*o*) (app.); *see also* EEOC Manual at 3.10(5). The employer need only reassign the employee to a vacant position or one that will be vacant in a reasonable amount of time. *Id.* Further, the employer may reassign the employee to a lower graded and paid position if it is not possible to accommodate the employee in the current position and if no comparable positions are vacant or soon to be vacant. *Id.* The employer need not create a new job, bump another employee, or promote the disabled employee in order to make a reassignment. *Id.* An employer is not required to make an accommodation which would violate another employee's rights under a collective bargaining agree-

---

1. In support of its motion, Meijer refers to statements by plaintiff's counsel at mediation. The Court cautions Meijer that the Court may not consider the alleged admission: "Statements by counsel [at mediation] and the [mediation] brief or summary are not admissible in any court or evidentiary proceeding." W.D.Mich.L.R. 42(g)(3).

ment. *Jasany v. United States Postal Service*, 755 F.2d 1244, 1251–52 (6th Cir.1985).

■ Plaintiff contends that because of his impairment he must rely upon his wife and public transportation to travel safely to work. Plaintiff requested two specific accommodations: first, that Meijer transfer him to a first shift full-time stocker position, from 6 a.m. until 2:30 p.m.; and, second, that Meijer allow him to work a flexible full-time "daytime" stocker position from approximately 8 a.m. until 4 p.m. However, no first shift stocker positions were open and no "daytime" position of 8 a.m. until 4 p.m. exists. Because a first shift position was not vacant or to be vacant in a reasonable amount of time, Meijer was not required to reassign plaintiff to the first shift.[2] Similarly, Meijer was not required to create a "daytime" position for plaintiff.

Although plaintiff did not request or suggest any other accommodations, Meijer offered plaintiff four alternatives. First, Meijer offered plaintiff a reassignment from full time to part time with flexible hours. Second, Meijer offered to reassign plaintiff to a second shift full-time stocker position. Third, Meijer offered plaintiff a flexible schedule in his current third shift full-time stocker position, which would include extending plaintiff's lunch break and flexible starting and ending times. Finally, Meijer offered plaintiff a modified schedule of four ten-hour days in his current position.

Thus, Meijer offered plaintiff two modified work schedules in his current position and two reassignments. Plaintiff rejected all four alternatives. Plaintiff argues that the modified work schedules and second shift position would not enable him to arrange transportation to work or would require him to wait for the bus or for work to start. Plaintiff rejected the part-time schedule be-

cause it does not include full-time benefits and it could have resulted in a loss of pay.

Plaintiff concludes that it is not possible to accommodate his disability in his current third shift position or on the second shift. The Court has found that no comparable first shift position was vacant or soon to be vacant and that no "daytime" position exists. Therefore, as discussed above, Meijer may offer reassignment to a lower graded and paid position. Plaintiff does not dispute that a flexible part-time schedule would allow him to use public transportation. The Court therefore finds that Meijer has offered and plaintiff has rejected at least one reasonable accommodation. The Court will enter summary judgment in defendant's favor on plaintiff's ADA claim.

## V.

Meijer next argues that the Court should dismiss plaintiff's Title VII claim because plaintiff did not file an administrative claim regarding sex discrimination with the EEOC or, in the alternative, that the Court should enter summary judgment in Meijer's favor. Even if plaintiff had satisfied the procedural requirements, the Court finds for the following reasons that plaintiff has not demonstrated a genuine issue of material fact on the claim.

■ In a claim under Title VII, a plaintiff must first establish a *prima facie* case by a preponderance of the evidence. *St. Mary's Honor Ctr. v. Hicks*, —— U.S. ——, —— – ——, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407 (1993); *see also* 42 U.S.C. § 2000e–2(a). The plaintiff may establish a *prima facie* case by satisfying the four factors enumerated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), and its progeny, as follows:

2. In addition, plaintiff was second in seniority under the collective bargaining agreement. Therefore, even if a position existed, Meijer was not required to reassign plaintiff, since to do so would violate the senior employee's rights.

  Plaintiff now requests, after oral argument on the motions, that the Court reopen discovery so that he may discover whether under the collective bargaining agreement Meijer should have created a first shift stocker position, based upon

the use of part-time stockers. Plaintiff argues that if so, and if the senior employee had transferred, plaintiff then would have been the most senior employee on his shift and Meijer could have transferred him to another position on the first shift. However, even if plaintiff were the most senior employee, Meijer would not be not required to create another first shift position. Therefore, the Court will deny plaintiff's request.

(1) plaintiff was a member of the protected class,

(2) plaintiff suffered an adverse employment action,

(3) plaintiff was qualified for the position either lost or not gained, and (4) a person not of the protected class replaced, or was selected over, the plaintiff.

*Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1081 (6th Cir.1994) (citations omitted); *see also Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 801 (6th Cir.1994); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1160 (6th Cir.1990). In the alternative, the plaintiff may establish a *prima facie* case "by introducing evidence that he was adversely affected by the defendant's employment decisions 'under circumstances which give rise to an inference of unlawful discrimination.'" *McDonald,* 898 F.2d at 1161 (citation omitted).

■ If the plaintiff establishes a *prima facie* case, the defendant must then articulate and produce evidence of a legitimate, nondiscriminatory basis for the employment decision. *Hicks,* —— U.S. at ——, 113 S.Ct. at 2747; *Pierce,* 40 F.3d at 801; *Manzer,* 29 F.3d at 1082.

■ Thereafter, the plaintiff must prove that the articulated reason is pretextual. *Id.; Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1089.

■ Assuming, *arguendo,* that plaintiff has established a *prima facie* case of sex discrimination, Meijer has adequately articulated legitimate, nondiscriminatory reasons for the asserted discriminatory action. Meijer presents evidence that the female employee was a part-time employee and that, accordingly, she and plaintiff were subject to different scheduling requirements and seniority systems under the collective bargaining agreement. Meijer offers evidence that it was able to offer the female employee different hours based upon her part-time status.

■ Plaintiff bears the burden of showing that Meijer's articulated reasons are a pretext for sex discrimination. To withstand a motion for summary judgment, plaintiff must show the following by a preponderance of the evidence:

[E]ither (1) that the proffered reasons had no basis *in fact,* (2) that the proffered reasons did not *actually* motivate his discharge [or adverse employment action], or (3) that they were *insufficient* to motivate discharge.

*Manzer,* 29 F.3d at 1084 (quoting *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 513 (7th Cir.1993)). Plaintiff does not address Meijer's articulated reasons or offer any argument or evidence that the reasons are pretextual. Instead, he merely asserts that he has established a *prima facie* case of sex discrimination. The Court finds that plaintiff has not demonstrated a genuine issue of material fact regarding pretext. Accordingly, the Court will grant Meijer's motion for summary judgment on plaintiff's Title VII claim.

## VI.

■ Plaintiff requests that the Court dismiss Local 951. Local 951 also requests dismissal. Meijer objects, contending that the collective bargaining agreement is a defense to plaintiff's ADA claim and that therefore Local 951 is a necessary party to this action.

First, it is not necessary that the union be a party to this action for Meijer to assert this defense. Moreover, an employer does not have a right to contribution against a union for the employer's liability under the ADA. *Lane v. United States Steelworkers of America,* 871 F.Supp. 1434, 1436 (N.D.Ala.1994). The Court finds that Local 951 is not a necessary party to this action. Plaintiff does not assert any claim against Local 951 and he does not wish to proceed against the union. The Court will grant the motions to dismiss Local 951.

## VII.

For the foregoing reasons, the Court finds that plaintiff's ADA claim arose out of the conduct, transaction, or occurrence plaintiff attempted to set forth in his original complaint. Accordingly, the ADA claim relates back to the date plaintiff filed his complaint and it was therefore timely filed.

The Court next finds that the discovery plaintiff requests would not affect the Court's determination regarding plaintiff's ADA claim. Therefore, the Court will deny plaintiff's request to re-open discovery. The Court further finds that Meijer has offered and plaintiff has rejected at least one reasonable accommodation. The Court will enter summary judgment in defendant's favor on plaintiff's ADA claim.

The Court finds, assuming, *arguendo,* that plaintiff has established a *prima facie* case of sex discrimination, that Meijer has articulated legitimate, nondiscriminatory reasons for the contested employment decision and action. Plaintiff has not demonstrated a genuine issue of material fact regarding pretext. Accordingly, the Court will grant Meijer's motion for summary judgment regarding plaintiff's Title VII claim.

Finally, the Court finds that Local 951 is not a necessary party to this action. The Court will grant the motions to dismiss the union.